

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

MLEVY@SIDLEY.COM
+1 212 839 7341

November 16, 2018

**By ECF**

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Eduardo Li,* 15 Cr. 252 (S-2) (PKC) (RML)

Dear Judge Chen:

We represent the Confederation of North, Central America and Caribbean Association Football ("CONCACAF"). CONCACAF writes on behalf of itself and one of its regional federations, the Costa Rican Football Federation ("FEDEFUT") in connection with the restitution proceedings concerning Defendant Eduardo Li. FEDEFUT has expressly consented to CONCACAF acting as its representative for purposes of securing restitution in this case. *See* 18 U.S.C. § 3771(d)(1) (permitting a crime victim to have a "lawful representative" assert its rights).

CONCACAF requests on behalf of itself and FEDEFUT (the "Victims") that the Court accept this letter stating their positions on the restitution that Li should be ordered to pay. The Victims note that they are filing this letter after Li's sentencing because they were under the impression—hopefully not mistaken—that because the Court had decided during the most recent conference in the Marin/Napout case to defer fixing Li's restitution until after issuing its ruling in the Marin/Napout case, victim submissions were not due prior to Li's sentencing date. In any event, this submission by the Victims is brief and simply seeks to (i) echo the restitution requests already made by the Government on FEDEFUT's behalf at Li's sentencing, and (ii) note that CONCACAF requests on its own behalf that Li be ordered to make restitution for the same categories of attorneys' fees and expenses incurred assisting the Government and Court with the investigation and prosecution of this case (including assisting with the calculation of restitution) that are at issue in the Marin/Napout case.

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



The Honorable Pamela K. Chen
November 16, 2018
Page 2

1. <u>FEDEFUT's Request for Restitution</u>

As the Court is aware, Li was a FEDEFUT official, and FEDEFUT suffered financial losses as a result of Li's criminal conduct. In total, based on public filings in the case and conversations with the Government, FEDEFUT is presently aware of five categories of losses caused by Li's criminal conduct: (1) Li's acceptance of a $500,000 bribe in connection with a sports uniform sponsorship; (2) Li's agreement to accept a $500,000 bribe from certain media companies in exchange for causing FEDEFUT to sell its broadcasting rights for the World Cup qualifiers; (3) Li's acceptance of approximately $40,000 in bribes related to certain FEDEFUT friendly matches; (4) Li's embezzlement of approximately $100,000 in funds intended for use in connection with the 2014 Women's Under 17 World Cup competition; and (5) Li's embezzlement of $172,000 in funds intended for stadium repairs following an earthquake. FEDEFUT has already received restitution from other defendants in connection with the harm caused by categories 1 and 2—the bribes relating to the sports uniform sponsorship and the World Cup Qualifiers. Accordingly, as the Government has apparently already conveyed to the Court, FEDEFUT is entitled to approximately $312,000 in restitution for categories 3, 4, and 5.

2. <u>CONCACAF's Request for Restitution</u>

We also write on CONCACAF's behalf to make clear—to the extent it was not already—that CONCACAF's position is that Li should be ordered to make restitution for the same categories of attorneys' fees and expenses incurred assisting the Government and Court with the investigation and prosecution of this case (including assisting with the calculation of restitution) that are at issue in the Marin/Napout case. In particular, CONCACAF notes that Li, like Marin and Napout, was convicted of participating in the overall RICO conspiracy, and thus should be required to make restitution for CONCACAF's expenses in assisting in the investigation and prosecution of that conspiracy. As the Court has recognized, however, any determination of the precise amount of that restitution should await the Court's rulings in the Marin/Napout case.

Respectfully submitted,

Michael A. Levy
Timothy J. Treanor
Richard J. Widmann