

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

280 Park Avenue | 15th Floor West
New York, NY 10017
T 646.428.2600  F 646.428.2610
nelsonmullins.com

November 19, 2018

The Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Eduardo Li</u> 15-Cr-252 (PKC-RML)

Dear Judge Chen:

  We represent Mr. Eduardo Li in the above-referenced matter. We write in opposition to the requests of FIFA and CONCACAF for restitution. We offer the following comments in order to supplement the Memorandum of Law previously filed by Mr. Li in connection with sentencing, which also addressed restitution. See ECF Dkt. No. 1069.

  Mr. Li fully briefed the prevailing legal standards governing restitution. *Id.* As previously pointed out, a defendant can be required to pay restitution only for amounts "directly" caused by his conduct. *See id.*, at 19 *et seq*. As we previously demonstrated also, there can be no question that Mr. Li could not have directly caused conduct for which restitution is sought, which occurred prior to any involvement in the acts charged in the Indictment. *Id.*

  One issue that was raised in passing at the sentencing hearing was whether a defendant could be held liable for restitution based on the theory that by agreeing to enter into a conspiracy he or she agreed to all acts of his or her co-conspirators, rendering restitution appropriate for all acts undertaken during the course of the conspiracy. There is a fundamental difference between legal precepts allowing a defendant to be adjudged guilty of a conspiracy, and those precepts governing restitution. The former is intended to punish the corrupt agreement itself, and has nothing to do with any loss. *See, e.g.*, *United States v. Puerto*, 730 F.3d 627, 630 (11th Cir. 1984). Even when it comes to sentencing a defendant for engaging in a conspiracy, the Second Circuit has held that "the scope of conduct for which a defendant can be held accountable under the sentencing guidelines is significantly narrower than the conduct embraced by the law of conspiracy." *United States v. Perrone*, 936 F.2d 1403, 1416 (2d Cir. 1991); *United States v. Bladimir Rigo*, 15-1914 (2d Cir., May 23, 2016 (summary order rev'ing *United States v. Rigo*, 86 F. Supp. 3d 235, 242 (S.D.N.Y. 2015)).

The Honorable Pamela K. Chen
November 19, 2018
Page 2

When it comes to restitution, there must be a relationship between the defendant's conduct and a loss to a victim. *See United States v. Serawop,* 505 F.3d 1112, 1124 (10th Cir. 2007) (district court that orders restitution in an amount greater than the total loss caused by the offense exceeds its statutory jurisdiction and imposes illegal sentence); *United States v. Brock-Davis,* 504 F.3d 991, 998 (9th Cir. 2007); *United States v. Gaytan,* 342 F.3d 1010, 1011 (9th Cir. 2003); *United States v. Bussell,* 414 F.3d 1048, 1061 (9th Cir. 2005) (restitution order reversed based on intended loss because amount of restitution is limited by the victim's actual loss; and directing a determination what would have occurred had the Defendant acted lawfully).

Mr. Li expressly raised these objections to restitution in his Sentencing Memorandum, arguing that restitution was appropriate only as to a victim's caused by Mr. Li. Neither FIFA nor CONCACAF took issue with that legal conclusion. Further with one exception as to FIFA,[1] neither entity made any effort to show that the restitution they were seeking had any relationship whatsoever with Mr. Li's conduct, thereby waiving any such arguments. FIFA's claims, for instance, to payments made on behalf of Mr. Li for his work on FIFA committees is unrelated to any conduct involving Li, and apparently, any conduct, by any other defendant as well. We also note that at least half of the committee payments sought by FIFA were received by Mr. Li prior to 2014, when Li engaged in conduct covered by his guilty plea.

It necessarily follows that neither FIFA nor CONCACAF are entitled to the enormous fee awards for their work conducting an internal investigation. These requests suffer from two flaws. First, as stated above, there is no relationship between the expenses incurred by either FIFA and/or CONCACAF and Mr. Li's conduct. Nor is there even any minimal effort to show which efforts on the part of FIFA or CONCACAF's counsel bear any relationship to Mr. Li's conduct. This failing is obviously due to the fact that Mr. Li pled guilty at an early stage, rendering it unnecessary for either FIFA or CONCACAF to render any assistance to the Government in its prosecution.

Second, the requests for restitution are so out of proportion to any conduct on Mr. Li's part as to render any such award unconstitutional, and akin to a criminal sentence, rather than any effort to compensate the victim. *See Paroline v. United States*, 572 U.S. __ , 134 S.Ct. 1710 (2014) ("Congress has not promised victims full and swift restitution at the cost of holding a defendant liable for an amount drastically out of proportion to his individual causal relation to those losses.").

---

[1] The one exception relates to payments by FIFA on behalf of FEDEFUT. All such payments are included in the $312,000 in restitution ordered by the Court, and would therefore have no impact on the amount of restitution paid by Li. As far as the recipient of that restitution, it is respectfully submitted that because FEDEFUT would have received the benefit of the payments, absent Mr. Li's conduct, FEDEFUT would be the appropriate entity to receive any restitution award.

The Honorable Pamela K. Chen
November 19, 2018
Page 3

      Finally, we object to the request of CONCACAF as untimely. 18 U.S.C. § 3664(d)(5) expressly provides an exception to the rule requiring finality at sentencing only "if the victim's losses are not ascertainable by the date that is 10 days prior to sentencing," in which case the court "shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing." CONCACAF makes no attempt to explain why, or how, its belated application satisfies this statutory provision.

      Respectfully,

*/s/ Samuel Rosenthal*

_____
Samuel Rosenthal

Counsel for Eduardo Li