**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
**williamburck@quinnemanuel.com**

December 21, 2018

The Honorable Pamela K. Chen
U.S. District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    *United States v. Li* – Docket No. 15-cr-252 (PKC)

Dear Judge Chen:

We are filing this supplemental letter on behalf of FIFA in accordance with the Court's November 26, 2018 Order that "victims in Defendant Li's case may file restitution requests or supplement previously filed requests by December 21, 2018."[1]

FIFA previously filed a request for restitution from Mr. Li, under seal, on November 2, 2018.  FIFA adopts the factual statements and legal arguments in its prior, sealed filing, but has now revised its claim losses in accordance with the reasoning in the Court's November 20, 2018 Order concerning the restitution obligations of José Maria Marin and Juan Ángel Napout.  *See* Restitution Order, *United States v. Webb, et al.*, 15-cr-252, ECF No. 1084 (E.D.N.Y. Nov. 20, 2018) (the "November 20 Restitution Order").

### A.    Revised Request for Restitution

As described in FIFA's November 2, 2018 letter, Li abused his positions of trust in the soccer community to enrich himself and breached his fiduciary duties to FIFA in the process, while inflicting significant financial harm on FIFA, the soccer confederations, and their member associations.  As a direct result of Li's and his co-conspirators' actions, FIFA has suffered financial harm, including:  (1) the loss of FIFA funds meant for the repair of an earthquake-

---

[1]    Scheduling Order as to Eduardo Li re Sentencing, *United States v. Webb et al.*, 15-cr-252, ECF No. 1085 (E.D.N.Y. Nov. 26, 2018).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | STUTTGART | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH

damaged stadium in Costa Rica that were stolen by Li[2]; (2) losses for salaries and benefits paid to Li during the period he was breaching his fiduciary duties; and (3) legal fees petitioning the Court for restitution for the harm FIFA suffered.

In light of the Court's November 20 Restitution Order, FIFA is withdrawing its claims for restitution from Li for legal fees and expenses it incurred in investigating Li's and his co-conspirators' misconduct. Additionally, FIFA is voluntarily withdrawing its claim for the approximately $90,000 that Li embezzled from the 2014 FIFA U-17 Women's World Cup tournament, in light of the Costa Rican football federation's ("FEDEFUT") claim to this amount.

### B. Li Stole FIFA Funds Meant for the Repair of a Stadium in Costa Rica

On September 5, 2012, a powerful earthquake struck Costa Rica and caused significant damage, including to two soccer stadia in the country. Afterwards, CONCACAF and FEDEFUT appealed to FIFA to contribute funds to help FEDEFUT repair some of the damage the earthquake had caused. Consistent with its mission to develop and safeguard the game of soccer around the world, FIFA pledged in May 2013 to contribute funds to Costa Rica to assist with some of damage from the earthquake.

Specifically, on August 19, 2013, FIFA transferred **$272,500** to FEDEFUT for the repair of one of the stadia damaged in the earthquake. However, Li appears to have lied to FIFA by overstating the amount of the damage to the stadium, causing FIFA to transfer **$272,500** when the actual amount of the damage was closer to **$100,000**.[3] Li then embezzled the extra **$172,000** for his own benefit.[4]

Li's embezzlement represents a direct loss to FIFA, as FIFA intended those funds to be used for stadium repair based on Li's representations. Had FIFA known that Li intended to take these funds for himself, it would never have transferred the funds, and could have used them

---

[2] FIFA had not previously requested restitution for these losses in its November 2, 2018 restitution letter, as it was not aware that Li had stolen these funds for his personal use. FIFA was first made aware of this loss via correspondence from the Government on December 17, 2018.

[3] *See* Transcript of Criminal Cause for Sentencing as to Eduardo Li at 20, *United States v. Webb et al.*, 15-cr-252 (E.D.N.Y. Nov. 13, 2018) ("That money wouldn't logically, I think, go to FEDEFUT because I think the cost was only a hundred thousand and yet the conspirators asked FIFA to – FEDEFUT, did I say that correctly? Yes. Asked FEDEFUT – I'm sorry, asked FIFA to give 272,000.") (hereinafter "Li Sentencing Transcript").

[4] *See* Li Sentencing Transcript at 32 ("And in particular I notice certain theft, for lack of a better word, that Mr. Li committed by taking money that was meant to repair a soccer stadium – I shouldn't say money that was meant to repair it but that it was intended to be part of an effort to repair a stadium, but he picked off 172,000 from there and only 100,000 went to repair the stadium.").

instead to fund its other soccer development programs. Therefore, FIFA respectfully requests that it be awarded restitution in the amount of **$172,000**.

### C. Li Breached His Fiduciary Duties to FIFA, CONCACAF, and FEDEFUT, and Fraudulently Obtained Benefits from FIFA in the Process

Li also harmed FIFA by accepting benefits payments from FIFA during the time he was participating in the global conspiracy to corrupt soccer. By depriving FIFA of his honest services, Li unfairly obtained money from FIFA in the form of daily *per diems* and travel expenses when attending FIFA events while he was supposed to be honestly conducting his FIFA responsibilities. In the Superseding Indictment, Li was charged with soliciting bribes from Media World and receiving a bribe from Traffic USA in 2009 in connection with the sale of the commercial rights to FEDEFUT's 2018 FIFA World Cup tournament qualifying matches.[5] Li did not deny having accepted bribes in 2009 during his plea allocution, and as a member of a conspiracy, Li is liable in restitution even for uncharged or unconvicted counts where the victim can otherwise demonstrate that it suffered a loss.[6] Therefore, because Li was breaching his duties to FIFA between 2009 and 2015, FIFA is entitled to recovery for benefits paid to Li during this time.

Between February 2012 and March 2015, Li received a total of **$10,750.00** in benefits from FIFA, as described below in Figure 1.[7]

| Figure 1: FIFA Payments to Li | | |
|---|---|---|
| **Payment Date** | **Reason for Payment** | **Amount of Payment** |
| 02/24/2012 | Daily allowances for attendance at FIFA Under-17 Women's World Cup Organizing Committee meeting in Zurich in February 2012 | $1,000.00 |
| 11/29/2012 | Daily allowances for attendance at FIFA Under-17 Women's World Cup in Azerbaijan in September 2012 | $2,500.00 |
| 09/05/2013 | Daily allowances for attendance at FIFA Under-17 Women's World Cup Organizing Committee meeting in Zurich in September 2013 | $750.00 |
| 11/28/2013 | Daily allowances for attendance at FIFA Players' Status Committee meeting in Zurich in November 2013 | $1,000.00 |
| 06/05/2014 | Daily allowances for attendance at FIFA Players' Status Committee meeting in Zurich in May 2014 | $1,000.00 |
| 09/25/2014 | Daily allowances for attendance at FIFA Players' Status Committee meeting in Zurich in September 2014 | $1,250.00 |

---

[5] *See* Superseding Indictment at ¶ 241-243, *United States v. Webb et al.*, 15-cr-252, ECF No. 102 (E.D.N.Y. Nov. 25, 2015).

[6] *See United States v. Hatfield*, 2015 WL 13385926, at *4 (E.D.N.Y. Mar. 27, 2015) ("The effect of this language is to make a conspiring defendant liable in restitution for the full amount of loss to the victims, including the loss attributable to uncharged or unconvicted counts.").

[7] The expense reports that Li submitted to FIFA to secure payment of these benefits are attached hereto as Exhibit A.

3

| | | |
|---|---|---|
| 10/30/2014 | Daily allowances for attendance at FIFA Players' Status Committee meeting in Zurich in September 2014 | $1,000.00 |
| 03/27/2015 | Daily allowances for attendance at FIFA Players' Status Committee meeting in Zurich in January 2015; daily allowances for attendance at FIFA Under-17 Women's World Cup Organizing Committee meeting in Zurich in March 2015 | $2,250.00 |
| | **TOTAL:** | **$10,750.00** |

In substantially similar circumstances involving Li's convicted co-conspirators Marin and Napout, this Court awarded victims restitution in the amount of 20% of the salaries and benefits paid to the defendants. *See* November 20 Restitution Order at 6, 24 (awarding both CONMEBOL and FIFA restitution in the amount of 20% of the salaries and benefits paid to Marin and Napout). Therefore, FIFA respectfully requests that it be awarded **$2,150.00** in restitution, representing 20% of the benefits it paid to Li during the period he was breaching his fiduciary duties to FIFA.

### D. FIFA Has Incurred Legal Fees Petitioning the Court For Restitution For Li's Harms

FIFA has also incurred legal fees petitioning the Court for restitution from Li to mitigate some of the harm Li and his co-conspirators caused to FIFA. This Court has recognized that fees incurred by a victim to participate in the restitution process are "necessary to [the victim's] attendance at the post-verdict restitution proceeding, . . . thus making them recoverable under the MVRA." November 20 Restitution Order at 8–9 (internal quotation marks and brackets removed).

In recognition of the Court's November 20 Restitution Order, FIFA is limiting its request for restitution for legal fees incurred in connection with the restitution proceedings to those incurred between submitting this supplemental request and the hearing currently scheduled for February 6, 2019. That is, FIFA is not claiming restitution for the amounts incurred preparing its November 2, 2018 letter, in which it requested restitution for its investigative fees. To date, FIFA has incurred **CHF 2,933.78**[8] in legal fees preparing and filing this supplemental request.[9] Should additional work be required, including the preparation of additional submissions or attendance at hearings, FIFA respectfully requests that it be allowed to submit additional evidence of the legal fees it incurred.

---

[8] The exchange rate between the Swiss Franc and the U.S. dollar as of December 20, 2018 was approximately 1:1.0080. *See* https://www.xe.com/currencytables/?from=CHF&date=2018-12-20.

[9] Attached as Exhibit B is the Declaration of William A. Burck in Further Support of FIFA's Request for Restitution from Eduardo Li (the "Burck Declaration"), which further describes the fees FIFA incurred. Attached as Exhibit C is a spreadsheet of Quinn Emanuel's legal fees for which FIFA is requesting restitution. Additional information regarding the spreadsheet is provided in the Burck Declaration.

4

\*   \*   \*

In conclusion, as a victim of Eduardo Li's criminal conduct, FIFA respectfully requests restitution for the harms Li caused FIFA, including the funds Li embezzled from FIFA, the benefits Li wrongfully induced FIFA to pay to him, and the legal fees FIFA incurred participating in the restitution process. Further information and supporting documentation is available upon request, and we are available to discuss any of the above-raised issues. Restitution is appropriate and should be awarded for:

(a) **$172,000**, representing the amount of FIFA funds meant for stadium repair that Li stole;

(b) 20% of the salary and benefits FIFA paid to Li during the period of his misconduct, or **$2,150.00**; and

(c) FIFA's legal fees incurred during its participation in the restitution portion of Li's sentencing, totaling **CHF 2,933.78** to date.

Very truly yours,
Quinn Emanuel Urquhart & Sullivan LLP

William A. Burck
Thomas Werlen
Stephen M. Hauss

*Attorneys for Fédération Internationale de Football Association*